UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: | ) |
| | ) |
| | ) Bankruptcy No. 09-44760-HJB |
| Carmen M. Bailey, | ) Chapter 13 |
| | ) |
| Debtor. | ) |
| | ) |

**UNITED STATES OF AMERICA'S OBJECTION TO
CONFIRMATION OF CHAPTER 13 PLAN**

THE UNITED STATES OF AMERICA, on behalf of its agency, the Internal Revenue Service (the Service), moves that the debtor's plan be denied confirmation pursuant to 11 U.S.C. §§ 1322(a)(2), 1325(a)(5), and Fed. R. Bankr. P. 3015 (hereinafter all statutory references are to the Bankruptcy Code unless otherwise stated).

IN SUPPORT THEREOF, the United States alleges:

1. The debtor filed on November 9, 2009 a bankruptcy petition seeking relief under Chapter 13 of the Bankruptcy Code.

2. The Service filed a Proof of Claim dated December 9, 2009 for federal taxes setting forth secured claims in the amount of $93,941.27, unsecured priority claims in the amount of $16,337.35, and unsecured general claims in the amount of $35,313.27.

3. The plan is objectionable because it fails to provide for full payment of the Service's secured claim and retention of its lien as required by 11 U.S.C. § 1325(a)(5). In re Galvao, 183 B.R. 23 (Bankr.D.Mass. 1995). The debtor's plan fails to provide for the Service's secured claim for income tax liabilities for taxable years 2001 and 2002.

4. As indicated on the Proof of Claim, the Service's secured claim for the outstanding income tax liabilities has been assessed and interest calculated to the petition date. Under 26 U.S.C. § 6321, the Service's assessment liens attached to all property and rights to property belonging to the taxpayer-debtor. Thus, the liens arose on August 8, 2005 for taxable years 2001 and 2002, the dates of assessment, attaching to all of the debtor's property and rights to property, including her personal property.

5. Additionally, the Service filed Notices of Federal Tax Lien prior to the petition date with the United States District Court for the District of Massachusetts on June 5, 2006 and at the Middlesex South Registry of Deeds on May 4, 2009.

6. The plan is further defective in failing to properly provide for payment of the section 507 priority tax claims as required by section 1322(a)(2). In re Escobedo, 28 F.3d 34 (7th Cir. 1994). The plan fails to fully provide for the Service's $16,337.35 priority claim.

7. The plan should also not be confirmed since the debtor has not filed a Federal income tax return for taxable years 2003 through 2008.

8. Without receipt of the past due returns and a reasonable opportunity to examine said returns, the Service cannot determine the correct amount of its claims. The Service was forced to estimate the tax liability.

9. Section 1325(a)(9) provides that all applicable federal tax returns be filed as required by section 1308 prior to confirmation of a plan. Accordingly, this Court cannot confirm the plan until the debtor's returns are filed.

10. The Service should be allowed 60 days from the filing of the past due returns to survey the returns and adjust the amount on its Proof of Claim to reflect the proper tax due.

11. The tax shown on the Proof of Claim after the survey of the past due tax returns shall remain non-dischargeable until paid.

WHEREFORE, the United States respectfully requests that confirmation of the debtor's plan be denied, unless the plan is amended or modified to resolve the foregoing objections.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys,
CARMEN M. ORTIZ
United States Attorney

Date: January 5, 2010

/s/ Daniel P. Ryan
By: _____
DANIEL P. RYAN (BBO 650474)
Special Assistant
United States Attorney
10 Causeway Street, Room 401
Boston, MA  02222-1061
Tel. No. (617) 565-5136
Fax No. (617) 565-7894
Daniel.P.Ryan@irscounsel.treas.gov

**CERTIFICATE OF SERVICE**

     I, Daniel P. Ryan, Special Assistant United States Attorney, hereby certifies that on <u>January 5, 2010</u>, I have served a copy of the within **UNITED STATES OF AMERICA'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** by electronic transmission to the list of attorneys who are currently on the list to receive e-mail notices for this case and by first-class mail, postage prepaid, to the following:

                          Carmen M. Bailey
                          111 Brigham Street # 19B
                          Hudson, MA 01749

                                      /s/ Daniel P. Ryan
Date:  <u>January 5, 2010</u>          By:  _____
                                     Daniel P. Ryan
                                     Special Assistant
                                     United States Attorney